IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.
                                         **Case No.: 2:04-CR-197 (1)**
                                         **JUDGE SMITH**

KEVIN NEAL,

                                         *Date of Original Judgment:*
       **Defendant.**                               *November 21, 2005*

## ORDER

This matter is before the Court on the Defendant's Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c)(2), in an "Agreed Disposition Case." (Doc. 68).  Defendant was originally sentenced on November 9, 2005 to 168 months imprisonment after pleading guilty to one count of conspiracy to distribute more than one kilogram of heroin.  Defendant's advisory sentencing guideline range was 292 to 365 months, based on an offense level 35 and criminal history category VI.  Defendant's sentence was subsequently lowered to 140 months.

On November 1, 2014, the United States Sentencing Commission promulgated Guideline Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in §2D1.1 of the United States Sentencing Guidelines, as well as parallel changes for the listed chemicals found in §2D1.11.  Defendants who are currently imprisoned for these drug offenses are eligible for retroactive application of the guidelines as long as they meet certain eligibility criteria.

Counsel for the government, defense counsel, and representatives of the United States Probation Department have met and are in agreement that Defendant meets the Sentencing Commission's eligibility requirements for the retroactive application of Amendment 782 to his case.  After considering the original guideline range, the extent of any downward departure, the

circumstances of Defendant's case, and his behavior while incarcerated, the parties jointly recommend a reduction of Defendant's sentence to a term of incarceration of 113 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable. *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that Defendant's offense level should be reduced from a 35 to a 33, which yields a new advisory guideline range of 235 to 293 months. Therefore, a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range. The sentence of 140 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 113 months. This sentence is to be served consecutive to the sentence imposed in the Eastern District of Missouri. Under Amendment 782, Defendant's release date shall be no earlier than November 1, 2015. Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 68 from the Court's pending motion's list.

**IT IS SO ORDERED.**

 */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

*Order Date:    April 16, 2015*

*Effective Date: November 1, 2015*